[No. 9982.  Department Two. — August 22, 1885.]

## JAMES B. PENDOLA, APPELLANT, *v.* ANDREW ALEXANDERSON ET AL., RESPONDENTS.

MORTGAGE — PURCHASER AT FORECLOSURE SALE — RENTS AND PROFITS. — A mortgagee who has purchased the mortgaged property at a foreclosure sale is not entitled to any of the rents and profits which accrued prior to the time of his purchase; and where the property is in the hands of a receiver, the mortgagee cannot sue the latter for the rents and profits until they have been collected and received.

APPEAL from a judgment of the Superior Court of Sierra County.

The facts are stated in the opinion.

*Van Clief & Wehe,* for Appellant.

*John Gale,* for Respondents.

· BELCHER, C. C. — The defendants, Andrew and Nellie Alexanderson, were husband and wife, and had one minor child; they had no common property, but the husband owned all the property described in the complaint as his separate property. On the 2d day of November, 1881, the wife commenced an action against her husband for a divorce and asked for the custody of the child and for alimony; and on the same day filed a notice of *lis pendens,* containing the names of the parties, the object of the action, and a description of the property of the husband.

After the filing of the *lis pendens,* but on the same day, the appellant Pendola, in good faith and without any intention of preventing the wife from securing the payment of any alimony

that might be adjudged to her, took a mortgage from the husband upon all of his said separate property to secure an indebtedness of about $1,100, which mortgage was then duly recorded.

On the 12th day of November, 1881, the action for divorce was tried and a decree entered, granting to the plaintiff a divorce, the custody of the minor child, and alimony at the rate of forty-five dollars per month until the further order of the court, payable out of the rents, issues, and profits of the said separate property of the husband; and it was further decreed that the alimony "be a first charge" upon the said property. To secure the payment of the alimony the court appointed the defendant Fendingham receiver, with authority to take possession of the property and to collect and pay over the rents, issues, and profits thereof. Fendingham accepted the trust, and continued to act under his appointment until this action was tried.

In March, 1884, the appellant commenced an action to foreclose his mortgage, but did not make Fendingham or Nellie Alexanderson parties to the action. In June he obtained a decree of foreclosure, and under that decree on the 19th day of July, 1884, all of the mortgaged property was sold and bid in by him for the sum of $1,268.59, the amount then due, with costs of sale.

This action was commenced on the 21st day of July, 1884, to recover from the receiver Fendingham, "all the proceeds, rents, issues, and profits received or to be received by him from the property above described as that sold to plaintiff by said sheriff," and for such other relief as should seem equitable.

The case was tried, and on the 29th day of September judgment was entered, in effect, requiring the receiver, within ten days after service on him of a copy of the judgment, to pay to Nellie Alexanderson the amount due her for alimony up to July 21, 1884, and to pay to the clerk of the court for the use and benefit of the plaintiff all the balance of the money then in his hands, derived from the rents, issues, and profits of the property which he had held as receiver, less the expenses of his receivership; and it further required him to render to the court a full account of his receipts and his disbursements at the time of such payments.

The appeal is from this judgment and rests upon the judgment roll.

It is not easy to see how appellant can complain of the judgment. He was not entitled to receive any of the rents and profits which accrued prior to the time of his purchase of the property at the sheriff's sale (Code Civ. Proc. § 707), and that was only two days before this action was commenced. Nor could he sue and recover for such rents and profits until they were collected and received by the defendant. It does not appear that any rents and profits from the property came into the hands of the receiver during those two days, or even during the two months and twelve days which elapsed between the time of his purchase and the entry of the judgment. Under the circumstances it would seem that the appellant took under the judgment all that he could possibly be entitled to.

The question discussed by the counsel, as to whether the filing of the *lis pendens* and the subsequent judgment awarding alimony created a lien on the property superior to the lien of the mortgage, does not arise in the case.

The judgment should be affirmed.

SEARLS, C., and FOOTE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion the judgment is affirmed.